UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
ABILENE DIVISION

| | | |
|---|---|---|
| MARICELA IGLESIAS GARZA | § § § § § | |
| V. | § § | CIVIL ACTION NO. 1:25-CV-53 |
| | § § § § | |
| D.H. PACE COMPANY, INC., WALMART, INC. | § § | |

**PLAINTIFF'S FIRST AMENDED COMPLAINT**

TO THE HONORABLE JUDGE OF SAID COURT:

**NOW COMES** Maricela Iglesias Garza ("Plaintiff" or "Mrs. Garza"), complaining of and about D.H. Pace Company, Inc, ("Defendant" or "D.H. Pace") and Walmart, Inc., ("Defendant" or "Walmart") and hereby files this her Plaintiff's First Amended Complaint and in furtherance thereof would respectfully show unto the Court as follows:

**PARTIES AND SERVICE**

1.      Plaintiff, Maricela Iglesias Garza, is an individual who resides in Taylor County, Texas.

2.      Defendant, D.H. Pace Company, Inc., is a foreign for-profit corporation. Defendant is authorized to do business in Texas and may be served with process by serving its registered agent: Corporation Service Company d/b/a CSC-Lawyers Incorporating Service Company, 211 E. 7th Street, Suite 620, Austin, Texas 78701-3136. Service of said Defendant can be effected by personal delivery or certified mail, return receipt requested.

3.      Defendant Walmart, Inc., is a foreign for-profit corporation. Defendant is authorized to do business in the state of Texas and may be served with process by serving its registered agent: CT Corporation System, 1999 Bryan St., Ste. 900, Dallas, Texas 75201-3136.

Service of said Defendant can be effected by personal delivery or certified mail, return receipt requested.

## JURISDICTION AND VENUE

4. This court has jurisdiction over the matter under 28 U.S.C. §1332(a)(1) because the amount in controversy exceeds seventy-five thousand dollars ($75,000.00) and because Plaintiff is a citizen of Texas and Defendants are citizens of a different state.

5. Venue is proper in the Northern District of Texas under 28 U.S.C. §1391(a)(2) because it is the district in which all or a substantial part of the events or omissions giving rise to the claim occurred and/or where a substantial part of the property at issue is situated.

## FACTS

6. On November 22, 2023, Mrs. Garza and her husband were visiting their son and his family in Sweetwater, Texas. They were planning Thanksgiving dinner for the next day and realized that they were lacking a few items to complete the meal. Mrs. Garza and her husband stop at Wal-Mart Store #3381 located at 407 NE Georgia Avenue, Sweetwater, Texas. Mrs. Garza walks towards the entrance and notices the automatic sliding door that opens and closes when it senses customers entering or exiting the store. The doors are open as she walks up to them. She continues walking up to the threshold area of the doors.

7. Without warning, the doors close on her squeezing her body. Sheer panic sets in as Mrs. Garza feels the power of the automatic doors crushing her. She musters all the strength in her 62-year-old body and is finally able to extricate herself from the jaws of the door. She falls and lands on the right side of her body. She immediately feels pain in her right arm and right shoulder.

8. After Mrs. Garza gets up from the floor, employees from Wal-Mart Store #3381 assist her and sit her down while they prepare an incident report. Once the report is complete, she continues on with her intended reason for visiting the store. She gets a shopping cart and uses that

to help stabilize herself. She gathers the items, puts them in her cart, pays for them, and then leaves the store. Shortly thereafter the pain begins to radiate down her right arm and into her neck. By nighttime, the pain is excruciating.

9. The pain in Mrs. Garza's arm and shoulder continues to worsen. She is not able to bathe herself. She is not able to dress herself. She is unable to hold a glass in her right hand. Testing revealed that Mrs. Garza had suffered multiple tears of tendons in her shoulder. Conservative treatment and pain management did nothing to alleviate the pain. Eventually Mrs. Garza was forced to undergo surgery to repair her badly damaged shoulder.

10. Upon information and belief, Walmart contracted with D.H. Pace to provide certain inspection, installation, service and/or maintenance of the automatic sliding doors at Walmart Store #3381.

11. Upon information and belief, the automatic sliding doors are not designed to close on patrons attempting to cross the threshold of the door. If the doors had been functioning properly, the doors would not have closed on Mrs. Garza while she was walking through the threshold area. It is presumed that this incident was captured by Walmart's surveillance cameras, but Walmart has not provided a copy of the video(s) to Plaintiff prior to filing suit.

12. Defendants failed to provide notices, audible warnings, or other visual warnings that the sliding doors would close on Mrs. Garza while she was in the threshold. Any visible notices regarding the closure of the automatic doors, upon information and belief, would be written in small font, would be difficult to read from a reasonable distance, and would be obstructed while the doors are open and not visible while a person is in the threshold area.

13. Upon information and belief, the automatic sliding doors at Walmart Store #3381, and similar sliding doors at other Walmart store locations, have malfunctioned on prior occasions by closing on person and/or objects, including employees and customers.

14. As a direct and proximate result of Defendants' acts, omissions, negligence,

inadequate warnings, defective products, and gross negligence, Mrs. Garza was significantly injured and required extensive medical treatment.

15. Defendants Walmart and D.H. Pace have refused to accept any responsibility for the above-referenced incident and for Mrs. Garza's injuries.

**PLAINTIFF'S CLAIM OF NEGLIGENCE AGAINST WALMART**

16. Mrs. Garza hereby incorporates all preceding paragraphs and further alleges as follows:

17. Defendant Walmart had a duty to exercise the degree of care that a reasonably careful person would use to avoid harm to others under circumstances similar to those described herein.

18. The negligent, careless, and reckless disregard of duty of Walmart consisted of, but is not limited to, the following acts and omissions:

    a. Failing to properly inspect, service, and maintain the automatic sliding door;

    b. Failing to perform daily safety checks on the automatic sliding door;

    c. Failing to properly test the automatic sliding door's safety devices;

    d. Failing to adequately respond to prior reports and/or complaints concerning the failure of the automatic sliding door to function properly;

    e. Failing to properly install safety sensors on the automatic sliding door to prevent the door's closure while a person or object is within the door's threshold area;

    f. Failing to install proper visual warning signs or audible warning signals to indicate the automatic sliding door would close while a person or object is within the door's threshold area;

    g. Failing to provide adequate safety policies and procedures to Walmart employees regarding the proper inspection and maintenance of the automatic sliding door; and

    h. Failing to train or supervise Walmart employees regarding the proper inspection and maintenance of the automatic sliding door.

19. Each of the foregoing acts and omissions by Walmart, singularly or in combination with others, constituted affirmative and ongoing negligent activity which proximately caused the incident and the injuries which Plaintiff suffered.

### PLAINTIFF'S ALTERNATIVE CLAIM OF PREMISES LIABILITY AGAINST DEFENDANT WALMART

20. Plaintiff incorporates all preceding paragraphs and further alleges as follows:

21. At the time of the Incident, Mrs. Garza entered Walmart #3381with the intent of purchasing items and for the mutual benefit of both parties. As such, Mrs. Garza is considered an invitee for purposes of this case.

22. Upon information and belief, the automatic sliding door that closed on Mrs. Garza had on prior occasions closed on employees and/or customers. An automatic sliding door that closes on persons without warning is an unreasonable risk of harm. Due to the door malfunctioning on prior occasions, Walmart either knew or should have known of the danger posed by the sliding door.

23. Walmart owed to Mrs. Garza a duty of ordinary care. It breached this duty by 1) failing to properly maintain the sliding door, 2) failing to repair the sliding door, 3) failing to adequately warn Mrs. Garza that the door would close on her as she was in the threshold area, 4) failing to replace the sliding door, or by 5) failing to make the sliding door reasonably safe.

24. Each of these acts and omissions by Walmart proximately caused Mrs. Garza's injuries.

### PLAINTIFF'S CLAIM OF NEGLIGENCE AND NEGLIGENT UNDERTAKING AGAINT D.H. PACE

25. Mrs. Garza incorporates all preceding paragraphs and further alleges as follows:

26. Prior to the Incident, Defendant D.H. Pace was hired by Walmart to perform install, services, and/or maintain the automatic sliding door in question.

27. Upon information and belief, D.H. Pace executed one or more written contracts which describe the services that D.H. Pace was obligated to provide, which would have included

installing, servicing and/or maintaining the automatic doors at Walmart #3381. D.H. Pace undertook these services in exchange for payment.

28. D.H. Pace had a duty to exercise the degree of care that a reasonably careful and prudent person would use to avoid harm to others by the automatic sliding door.

29. The negligent, careless, and reckless disregard of this duty by D.H. Pace consisted of, but is not limited to, the following acts or omissions:

    A.    Failing to properly inspect, service, and/or maintain the automatic door;

    B.    Failing to properly test the automatic door's safety devices;

    C.    Failing to properly install safety sensors on the automatic door to prevent the door from closing on a person while they are in the door's threshold area;

    D.    Failing to install proper visual warning signs or audible signals to indicate the automatic door would close while a person is withing the door's threshold;

    E.    Failing to provide adequate safety policies and procedures to its employees regarding the proper inspection and maintenance of the automatic door; and

    F.    Failing to train or supervise its employees regarding the proper inspection and maintenance of the automatic door.

30. Each of the foregoing acts and omissions by D.H. Pace, singularly or in combination with others, constituted affirmative and ongoing negligent activity which proximately caused the Incident and the personal injuries which Mrs. Garza suffered.

## DAMAGES FOR PLAINTIFF

31. As a direct and proximate result of the occurrence made the basis of this lawsuit, Plaintiff was caused to suffer significant injuries to various parts of her body, and to incur the following damages:

    A.    Reasonable medical care and expenses in the past. These expenses were incurred by Plaintiff for the necessary care and treatment of the injuries resulting from the accident complained of herein and such charges are reasonable and were usual and customary charges for such services in the

      Texas counties in which they were incurred;

B.    Reasonable and necessary medical care and expenses which will in all reasonable probability will be incurred in the future;

C.    Physical pain and suffering in the past;

D.    Physical pain and suffering in the future;

E.    Physical impairment in the past;

F.    Physical impairment which, in all reasonable probability, will be suffered in the future;

G.    Disfigurement in the past;

H.    Disfigurement in the future;

I.    Mental anguish in the past;

J.    Mental anguish in the future; and

K.    Fear of future disease or condition.

## EXEMPLARY DAMAGES

32.    Plaintiff hereby incorporates all preceding paragraphs and further alleges as follows:

33.    The negligence of Defendants described above occurred as a result of the type of conscious indifference and reckless disregard toward the safety for others as to allow for the award of punitive damages under Texas law. Such conduct, as described herein, constitutes gross negligence. As a result, Plaintiff hereby makes a claim for exemplary or punitive damages against Defendants. Plaintiff seeks exemplary damages in an amount that may be found by the trier of fact.

## JURY DEMAND

34.    Plaintiff hereby demands a trial by jury and has tendered the appropriate jury fee with this complaint.

## PRAYER

**WHEREFORE, PREMISES CONSIDERED**, Plaintiff, Maricela Iglesias Garza, respectfully prays that the Defendants be cited to appear and answer herein, and that upon a final

hearing of the cause, judgment be entered for the Plaintiff against Defendants for damages in an amount within the jurisdictional limits of the Court; together with pre-judgment interest (from the date of injury through the date of judgment) at the maximum rate allowed by law; post- judgment interest at the legal rate, costs of court; and such other and further relief to which the Plaintiff may be entitled at law or in equity.

Respectfully submitted,

**RYAN SOLIS LAW GROUP**
820 E. Hackberry Ave.
McAllen, Texas 78501
Tel: (956) 686-9600
Fax. (956) 686-7033
Email: ryan@rsolislaw.com

_____
RYAN C. SOLIS
State Bar No: 24039732
Federal Bar No: 566774

CERTIFICATE OF SERVICE

I certify that a true and correct copy of this motion was served upon all counsel of record on the 21st day of May 2025, via the federal filing system and also via email.

_____
Ryan Solis